IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Earl MacKenzie, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 10315 |
| SKO Brenner American, Inc., a New York corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Earl MacKenzie, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Earl MacKenzie ("MacKenzie"), is a citizen of the State of New Jersey, from whom Defendant attempted to collect a delinquent consumer debt owed for a Swiss Colony account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, SKO Brenner American, Inc. ("SKO"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant SKO operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant SKO was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. Mr. MacKenzie is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including one he allegedly owed to Swiss Colony. When SKO began trying to collect this debt from Mr. MacKenzie, by sending him a collection letter, dated September 11, 2012, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant SKO's collection actions. A copy of SKO's September 11, 2012 letter is attached as Exhibit A.

6. Accordingly, on September 14, 2012, one of Mr. MacKenzie's attorneys at LASPD informed SKO, in writing, that Mr. MacKenzie was represented by counsel, and directed SKO to cease contacting him, and to cease all further collection activities because Mr. MacKenzie was forced, by his financial circumstances, to refuse to pay his unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit B.

7. Nonetheless, Defendant SKO sent Mr. MacKenzie collection letters, dated October 16, 2012 and November 13, 2012, which demanded payment of the Swiss

Colony debt. Copies of these collection letters are attached as Group Exhibit C.

8. Accordingly, on November 21, 2012, one of Mr. MacKenzie's LASPD attorneys had to write to Defendant SKO again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Defendant SKO's collection actions complained of herein occurred within one year of the date of this Complaint.

10. Defendant SKO's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

13. Here, the letter from Mr. MacKenzie's agent/attorney, LASPD, told Defendant SKO to cease communications and cease collections (Exhibit B). By continuing to communicate regarding this debt and demanding payment (Group Exhibit C), Defendant SKO violated § 1692c(c) of the FDCPA.

14. Defendant SKO's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. §

1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

17. Defendant SKO knew that Mr. MacKenzie was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit B), that he was represented by counsel, and had directed Defendant SKO to cease directly communicating with him. By directly sending Mr. MacKenzie the October 16, 2012 and November 13, 2012 collection letters (Group Exhibit C), despite being advised that he was represented by counsel, Defendant SKO violated § 1692c(a)(2) of the FDCPA.

18. Defendant SKO's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Earl MacKenzie, prays that this Court:

1. Find that Defendant SKO's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff MacKenzie, and against Defendant SKO, for actual and statutory damages, costs, and reasonable attorneys' fees as

4

provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Earl MacKenzie, demands trial by jury.

                                Earl MacKenzie,

                                By: /s/ David J. Philipps_____
                                One of Plaintiff's Attorneys

Dated: December 26, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5